UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST CASSELL WOODS,<br><br>  Plaintiff,<br><br>  v.<br><br>THE VETERANS ADMINSTRATION, et al.,<br><br>  Defendants. | Case No. 15-cv-05135-JD<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 2, 5, 9 |

Plaintiff, a state prisoner, filed a pro se civil action. The Court ordered plaintiff to show cause why the case should not be deemed three strikes barred and the application to proceed in forma pauperis denied pursuant to 28 U.S.C. § 1915(g). Plaintiff does not contest that he has three strikes pursuant to § 1915(g). Plaintiff argues that his case should be permitted to proceed because he is under imminent danger of serious physical injury.

The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Andrews*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*[1]

---

[1] The Second Circuit requires that there be a nexus between the alleged imminent danger and one or more of the claims for relief asserted in the complaint. *See Pettus v. Morgenthau*, 554 F.3d 293, 299 (2d Cir. 2009). In determining whether such a nexus exists, the court will consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99. This would appear consistent with *Andrews II's* holding that, as long as there is imminent danger anywhere in the complaint, the whole complaint can go forward, although *Andrews II* does not explicitly state that the danger has to be

In this action, plaintiff argues that per his request, the Veteran's Administration is sending a portion of his disability monthly compensation to his mother, but the funds have been confiscated to pay federal fines. For relief, plaintiff seeks the full amount sent to his mom and no federal withholdings.

Plaintiff argues that he is in imminent danger due to prison officials engaging in an ongoing pattern of retaliatory punishment due to his filing of legal grievances. As a result, plaintiff has been transferred numerous times to different prisons and the transportation has resulted in injury. Plaintiff cites to exhibits concerning reflux disease from 2007 to 2011. Plaintiff's bare allegations fail to demonstrate a plausible allegation of imminent danger. His argument concerning imminent danger does not relate to any claim in the complaint or any conduct by the Veterans Administration. This is insufficient to demonstrate imminent danger.[2]

## CONCLUSION

1. Plaintiff's motions to proceed in forma pauperis (Docket Nos. 2, 5) and his motion not to be three strikes barred (Docket No. 9) are **DENIED**.

2. To proceed with this action, plaintiff must pay the full filing fee, four hundred dollars ($400), within **twenty-one (21) days** of the date this order is filed or this case will be dismissed.

**IT IS SO ORDERED.**

Dated: February 17, 2016

JAMES DONATO
United States District Judge

---

related to one of the claims for relief.
[2] Plaintiff made the same argument for imminent danger in *Woods v. Board of Prison Hearings*, Case No. 15-cv-05136-JD.

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST CASSELL WOODS,<br><br>   Plaintiff,<br><br> v.<br><br>THE VETERANS ADMINSTRATION, et al.,<br><br>   Defendants. | Case No. 15-cv-05135-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 17, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Earnest Cassell Woods ID: D58091
A4-233
P.O. Box 901
Imperial, CA 92251

Dated: February 17, 2016

              Susan Y. Soong
              Clerk, United States District Court

              By: *[signature]*
              LISA R. CLARK, Deputy Clerk to the
              Honorable JAMES DONATO